IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANE PATRICIA MAZZI,

    Plaintiff,                    No. 2:08-cv-1406 FCD JFM PS

    vs.

IRENE M. THOR, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding pro se and paid the filing fee. On June 20, 2008, plaintiff filed a complaint 611 pages long, including a notice of removal.

        First, it appears plaintiff is attempting to remove a state court action to federal court. However, pursuant to 28 U.S.C. § 1446, et seq, only defendants may remove a civil action. Id. Here, plaintiff was not a defendant in the civil action brought in state court; rather, plaintiff filed a petition to deem an Arizona death certificate invalid in a probate action. Her petition was denied by the Placer County Superior Court on July 23, 2007 (Case No. S-PR-0001614) (Complaint at 451).

        Because plaintiff was not a defendant in that action, she cannot seek to remove the state court action to federal court. But even assuming she could be construed as a defendant, the request was untimely. 28 U.S.C. § 1446(b). In addition, plaintiff's petition in state court was

1

denied and it appears the probate action is closed. It would be inappropriate to remove a closed case to federal court. Thus, plaintiff's June 20, 2008 notice of removal is ineffective and her request for removal should be denied.

Second, this court does not have subject matter jurisdiction over this action. Fed. R. Civ. P. 12(h)(3). In the state court action, plaintiff challenged a death certificate issued by the State of Arizona. Plaintiff has provided a copy of the Placer County Superior Court's order denying plaintiff's petition to deem the Arizona death certificate invalid. To the extent plaintiff is attempting to appeal that denial in this court, this court does not have jurisdiction. This court does not have appellate jurisdiction over a state court's decision in a probate matter.

The Supreme Court has recognized a "probate exception" to otherwise proper federal jurisdiction. Marshall v. Marshall, 547 U.S. 293, 308 (2006) (citing Markham v. Allen, 326 U.S. 490, 494 (1946)). In Marshall, the Supreme Court held in pertinent part:

> the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state court probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

Id., 547 U.S. at 312. Plaintiff's attempts to invalidate the death certificate and/or recover property distributed through the probate proceedings fall squarely within the probate exception. This action should be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).[1]

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's June 20, 2008 request to remove her state court action to federal court be denied; and

---

[1] Plaintiff has also failed to establish diversity jurisdiction because plaintiff and the Placer County Superior Court are both citizens of California. Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267 (1806) (Diversity jurisdiction requires complete diversity of citizenship between plaintiff and defendants – no party on one side may be a citizen of the same state as the party on the other side.)

2. Plaintiff's complaint be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 8, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001; mazzi.56

3